# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Aaron L. Hawkins,

    Plaintiff,

    v.                         Case No. 2:13–cv–186

Franklin County Sheriff's Office, *et al.*,      Judge Michael H. Watson

    Defendants.

## OPINION AND ORDER

Plaintiff sues the Franklin County Sheriff's Office, Franklin County Sheriff Zach Scott, and Deputy Paul Wells, Jr. ("Wells"), Deputy Joseph Wagner ("Wagner"), Deputy Kevin O'Brien ("O'Brien"), Deputy Douglas Robinson ("Robinson"), Deputy Richard Kinietz ("Kinietz"), and John and Jane Does 1–10 under 42 U.S.C. § 1983 and state law alleging primarily that the Defendants violated Plaintiff's rights under the United States Constitution. Compl., ECF No. 1.

Aaron Hawkins ("Plaintiff") is African American and was an inmate at the Franklin County jail on March 4, 2012. Plaintiff alleges Deputies Wells, Wagner, Robinson, O'Brien, Kinietz, and John/Jane Does placed him in a visiting booth that day while he was handcuffed with his hands behind his back and had a spit guard over his mouth. *Id.* ¶¶ 14–15. Plaintiff alleges that a while later, Deputy Wells opened the door of the cell and punched Plaintiff in the face, neck, upper

torso, and other areas of his body while the other Defendants watched. *Id.*
¶¶ 16–18. Plaintiff alleges that after the attack, Defendants did not seek medical attention for Plaintiff despite the fact that they knew Plaintiff suffers from mental illness and borderline mental retardation. *Id.* ¶¶ 20–21. With respect to Deputy Wells, Plaintiff brings § 1983 claims based on excessive force, deliberate indifference, and violation of the guarantee of equal protection as well as state law claims for intentional infliction of emotional distress, assault, and battery.

Deputy Wells was served on March 7, 2013. ECF No. 5. On March 22, 2013, the remaining Defendants moved for an extension of time to file their Answer, noting that the attorney filing the motion was representing every deputy defendant except for Deputy Wells. Mot. Extension 2, ECF No. 8. Deputy Wells filed his Answer, *pro se*, on May 6, 2013. Answer, ECF No. 10. The case was thereafter stayed between July 22, 2013 and February 26, 2014 because Deputy Wells had a pending bankruptcy proceeding. ECF Nos. 15, 18.

After the stay was lifted, Magistrate Judge Deavers held a preliminary pretrial conference on April 9, 2014. Counsel for Plaintiff and the remaining Defendants appeared and participated, but Deputy Wells did not appear. Magistrate Judge Deavers therefore issued a show cause order directing Deputy Wells to show cause within fourteen days as to why the Court should not enter default judgment against him for his failure to appear and defend. Deputy Wells was specifically warned that default judgment could be entered against him if he failed to respond to the show cause order. Show Cause Order, ECF No. 23.

The Show Cause Order was returned to the Court as undeliverable with a notation that Deputy Wells moved without leaving a forwarding address. ECF No. 26.

On April 29. 2014, Magistrate Judge Deavers issued a Report and Recommendation ("R&R") recommending the Court grant default judgment against Deputy Wells as a sanction for failure to appear at the preliminary pretrial conference. R&R 1, ECF No. 28. The R&R notified the parties of their right to file objections to the R&R pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). The R&R further specifically advised the parties that the failure to object to the R&R within fourteen days would result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the decision of the District Court. *Id.* at 2. The deadline for filing such objections has passed, and no objections were filed. In fact, the R&R was also returned to the Court as undeliverable. ECF No. 31.

Having received no objections, the Court **ADOPTS** the R&R and grants **DEFAULT JUDGMENT AGAINST DEPUTY WELLS**. The Court notes that it grants default judgment pursuant to Federal Rule of Civil Procedure 16(f) rather than Rule 55. Federal Rule of Civil Procedure 16(f) permits the Court to issue, on its own, any just order, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party fails to appear at a scheduling or other pretrial conference. Fed. R. Civ. P. 16(f)(1)(A). Rule 37(b)(2)(A)(vi) permits the Court to grant default judgment against a disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(vi). Accordingly, the

Court has authority to enter default judgment against Deputy Wells even though Plaintiff has not moved for an entry of default pursuant to Rule 55.

Additionally, the Court reiterates that the Complaint was properly served on Deputy Wells, ECF No. 5, and there is no record that Deputy Wells has attempted to communicate with the Court or inform the Court of his new address despite his duty to do so. *Frazier v. U.S. Dept. of Educ.*, No. 2:10–cv–782, 2011 WL 2580171, at *1 (S.D. Ohio June 29, 2011); *Wells Fargo Equip. Fin., Inc. v. Site Support, LLC*, No. 09–CV–10075–DT, 2009 WL 4576084, at *2 (E.D. Mich. Dec. 3, 2009).

The Court **REFERS** the issue of determining the amount of default judgment to Magistrate Judge Deavers for an R&R.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**