## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

AARON L. HAWKINS,

      Plaintiff,

      v.                           Civil Action 2:13-cv-186
                                     Judge Michael H. Watson
                                     Magistrate Judge Elizabeth Preston Deavers

FRANKLIN COUNTY
SHERIFF'S OFFICE, *et al.*,

      Defendants.

## REPORT AND RECOMMENDATION

Plaintiff brought this civil rights action under 42 U.S.C. § 1983 against employees of the Franklin County Sheriff's office, including Deputy Paul Wells, Jr. ("Wells"), alleging that he was subjected to excessive force in violation of the Eighth Amendment. Plaintiff also asserts state-law claims for intentional infliction of emotional distress, assault, and battery. Pursuant to the Court's reference (ECF No. 33), this matter is before the Court for a Report and Recommendation on the damages to be awarded to Plaintiff against Defendant Wells. For the reasons that follow, it is **RECOMMENDED** that the Court enter default judgment against Defendant Wells in the amount of **$180,654.90**.

The Undersigned incorporates by reference the procedural history set forth in the Court's May 27, 2014 Opinion and Order. (ECF No. 33.) On October 22, 2014, the Undersigned held an oral evidentiary hearing pursuant to the Court's referral order. The Undersigned has

considered the hearing testimony, Plaintiff's Complaint (ECF No. 1), and the affidavit of Marla Martin together with the medical records attached to the affidavit (ECF Nos. 42, 42-1, and 42-2).

At the hearing, Plaintiff offered the following uncontroverted testimony establishing the following facts. Plaintiff was diagnosed with bipolar and schizophrenia disorder at age eighteen. At the time of the use-of-force incident giving rise to the instant action, Plaintiff was twenty-three and an inmate at the Franklin County, Ohio, jail located at 399 S. Front Street, Columbus, Ohio.

On March 4, 2012, deputies at the jail approached Plaintiff's cell and ordered him to put his hands behind his back and kneel on his bed. Plaintiff refused to comply, instead spitting on a deputy's face. Defendant Deputy Wells then entered Plaintiff's cell and proceeded to punch and kick him before throwing him against a wall. Several deputies then handcuffed Plaintiff and escorted him to a visiting booth where Defendant Wells proceeded to punch him in the eye approximately four times. Defendants subsequently refused Plaintiff's requests for medical treatment.

The assault exacerbated his pre-exiting medical conditions of bipolar and schizophrenia disorder such that he required admission and treatment at Twin Valley Behavioral Health Care ("Twin Valley"). Ms. Martin is an employee of Twin Valley. Her affidavit and the attached documentation reflect that Plaintiff was confined at Twin Valley for nearly seven months, from July 31, 2012, through February 26, 2013, and that the costs of his medical treatment for this admission totaled $30,654.90. (ECF No. 42.) Plaintiff continues to experience mental distress as a result of the March 4, 2012 assault.

Plaintiff's Grandmother and guardian, Laura J. Williams, also testified at the hearing and offered the following uncontroverted testimony. Ms. Williams was appointed guardian in

February 2014.  Ms. Williams testified that prior to the March 4, 2012 assault, Plaintiff recognized her when she visited, but that he was unable to recognize her for a period of time after the assault.  Ms. Williams also indicated that after the assault, Plaintiff failed to take proper care of himself.  By way of example, she indicated that Plaintiff was not properly bathing or eating.  Ms. Williams stated that although Plaintiff has improved following his release from Twin Valley, he still struggles from anger issues, which she attributes to the March 4, 2012 assault.  She added that Plaintiff often talks about the assault.

Plaintiff asks the Court to award $30,654.90 in special damages attributable to the costs of his admission to Twin Valley, general damages in the amount of $100,000 to compensate him for pain and suffering and mental anguish, and punitive damages in the amount of $50,000.

The Court entered default against Defendant Wells in its May 27, 2014 Opinion and Order.  (ECF No. 33.)  As the defaulting party, Defendant Wells is deemed to have admitted all of the well-pleaded allegations in the complaint regarding liability.  *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Const. v. U.S. Fid. and Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

Upon consideration of the well-pleaded allegations in the Complaint, the Undersigned concludes that Plaintiff has established the elements required to state both the federal and state-law claims he asserts.  In addition, the Undersigned finds that the testimony offered at the evidentiary hearing and Ms. Martin's affidavit constitute sufficient evidence to support the amount of damages Plaintiff requests.  *Cf.* Fed. R. Civ. P. 55(b)(2) (contemplating damages hearings to determine the appropriate amount of damages where the Court is unable to ascertain

the amount of damages upon entry of default).  Accordingly, it is **RECOMMENDED** that the Court enter default judgment against Defendant Wells in the amount of **$180,654.90**, with the damages award being allocated as follows: (1) **$30,654.90 in special damages** attributable to the costs of Plaintiff's admission at Twin Valley, (2) **general damages in the amount of $100,000** to compensate Plaintiff for pain and suffering and mental anguish; and (3) **punitive damages in the amount of $50,000**.

### Procedure on Objections

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report an recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waiver.  *Robert v. Tesson*, 507 F.3d 981, 994

(6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted))

Date:  April 14, 2015         _/s/ Elizabeth A. Preston Deavers_
                  Elizabeth A. Preston Deavers
                  United States Magistrate Judge